## SHABOUB v. DE LACIE et al.

### No. 2324.

Court of Civil Appeals of Texas. Beaumont.

March 22, 1933.

Rehearing Denied April 26, 1933.

A. D. Lipscomb, F. S. Jones, and W. R. Blain, all of Beaumont, for appellant.

Howell & Howell, of Beaumont, for appellees.

O'QUINN, Justice.

Appellees filed this suit against appellant to recover special damages for the breach of a building lease contract. The amount of damages sought by the two plaintiffs amounted to $9,720. Plaintiffs alleged that on August 27, 1931, they entered into a written contract with defendant wherein he contracted to erect a filling station and garage building to be situated on certain lands on the Voth road in Jefferson county, Tex., and to lease said building to them for a period of three years at a rental of $35 per month; and that said building was to be completed and ready for occupancy by September 30, 1931.

They further alleged that in accordance with their agreement with defendant and in addition to the consideration set forth in the lease contract, plaintiff Roy Abshire executed to defendant a deed of trust lien on a certain lot in Nederland, Jefferson county, Tex., in the sum of $500 to secure the faithful performance by them of their lease contract, and delivered same to defendant on to wit, the date of the execution of the said written lease contract, August 27, 1931, possession of which defendant still retained, but that defendant failed and refused to build said filling station and garage as he had contracted to do, to their damage in the amounts sued for.

They further specially alleged:

"Plaintiffs represent that the plaintiff, John De Lacie, Jr., was employed by the Andy Vaile Tile Shop at Beaumont, Texas, at a wage of One Hundred ($100.00) Dollars per month and relying upon the terms and conditions of the said lease contract, resigned from that employment on the 27th day of August, 1931, and by reason of the breach of said contract by the defendant herein he has been damaged by this defendant for the loss of such wage for the term of said lease in the sum of Thirty Six Hundred ($3600.00) Dollars; and that the plaintiff, Roy E. Abshire, at the time of the execution of the said lease contract, was employed by the Sinclair Oil & Refining Company at Beaumont, Texas, as a filling station operator at a wage of One Hundred and Seventy ($170.00) Dollars per month, and relying upon the defendant's faithful performance of the said lease contract, resigned from his employment on the 27th day of August, 1931, and by reason of the breach and failure by the defendant to carry out the terms and conditions of the said lease contract, he has suffered a loss of such wages and will continue to suffer a loss of such wages during the term of said lease contract to his actual damages in the sum of Six Thousand One Hundred and Twenty ($6,120.00) Dollars."

They further alleged that at the time the lease contract was executed, they informed defendant of their employment, as alleged, and that upon the execution of said contract they, and each of them, intended to and would resign said employment in order to enter into and pursue their business at said filling station and garage, and that they were experienced operators of such business and intended to and were going to devote their entire time to developing and pushing their said contracted business.

Appellant answered by general demurrer, several special exceptions, general denial, and

specially that at the time the lease contract was executed, and as an inducement and as a part of the consideration therefor, appellees were to give "some character" of security in the sum of $500 to defendant to secure the rent of the premises to become due, and that in order to induce defendant to enter into said lease contract and for the purpose of "cheating and defrauding the defendant" appellees made false material statements concerning the security offered to be pledged in that said Roy Abshire was the owner of lot 21 in block 5 of the Hollywood addition to the town of Nederland, Jefferson county, Tex., and that same was of the reasonable value of $500; that said representation of the value of said lot was false and was known to be false when so made; that defendant did not know of the falsity of said statement, but believed same to be true, and that said false statement was made for the purpose of inducing defendant to act on same, and that he did act upon same and executed said lease with the understanding that if the market value of said lot was $500, as represented, he, defendant, would carry out his lease contract, but that if the market value of said lot was not sufficient to secure the said amount of $500 then said lease contract was to be at an end. That upon an investigation as to the value of said lot, defendant ascertained its value to be $100, and he then notified appellees that if they would execute bond in his favor in the sum of $500 he would carry out his lease contract, but that appellees failed and refused so to do, and were not entitled to maintain their suit. He further answered that by reason of appellees' false representations as to the security inducing said lease contract, the consideration for same had wholly failed.

The court overruled defendant's general demurrer, and all of his special exceptions, except one, which it is not necessary to state. At the close of the evidence, defendant moved for an instructed verdict in his favor, which was refused. The case was then tried to a jury upon special issues, upon the answers to which judgment was rendered in favor of appellee De Lacie for $480, and in favor of appellee Abshire for $1,360. Motion for a new trial was overruled and the case is before us on appeal.

■■ Appellant's first proposition is based upon his first six assignments of error. These complain that the court erred in overruling defendant's general demurrer, and five special exceptions. The contention under this proposition is that the petition of appellees failed to state a cause of action because it did not allege that at the time the lease contract was executed appellant had knowledge of such facts and circumstances as to put him upon notice that a breach by him of the lease contract would result in the special damages sought to be recovered—in other words, that

the petition must allege the existence of special circumstances of which appellant had notice, from which it should be known or inferred that a breach of the contract by him would result in the special damages claimed. This contention is overruled. The petition alleged that at the time the contract was made appellees told appellant that they were then employed, the nature of their employment, the name of their employers, and the wages each was earning. It further alleged that appellees, at the time of the executing of the lease contract, informed appellant that upon the execution of said contract they intended to resign from said employment and devote their entire time to the fostering of the business they were to engage in, and that relying upon appellant's carrying out his said contract, they did resign and so informed appellant. Each of these allegations were fully supported by the evidence, and so found by the jury in answer to special issues. Appellees sought to recover special damages in the extent or to the amount of their lost wages resulting from appellees giving up their employment and wages earned through their said employment, because of the execution of the lease contract with appellant by which they intended and expected to engage in the filling station and garage business to be carried on in the building contracted to be built and leased to them by appellant. The amount of wages earned by them in their prior employment was alleged and proven. It was shown that appellee De Lacie was earning an average of $60 a month and that appellee Roy Abshire was earning an average of $170 a month. The jury found damages for De Lacie in the sum of $480, and for Abshire, $1,360. This was damages in the sum of their respective lost wages for eight months, that being exactly the length of time from the executing of the contract until the date of the judgment. These sums were not recovered as wages, but as damages measured by the loss of such wages for such time, occasioned by appellant's breach of the contract to build and deliver the building to appellees. Appellant having notice of the special facts and circumstances surrounding the execution of the lease contract, the damages arising from the breach of the contract must be held to have been reasonably in the contemplation of the parties at the time of the execution of the contract, and hence recoverable as resulting from a breach of same. 13 Tex. Jur. §§ 174, 175, 176, pp. 319, 320, 321, 322.

■ Appellant's insistence that the damages recoverable by appellees, if any, would be general damages, is not sound. Likewise, his contention that the damages sought are not recoverable because too speculative and remote, cannot be sustained. Appellees did not seek to recover contemplated profits or income from their intended filling station and

garage operations, but special damages suffered by reason of the loss of wages which they would have earned at employments which they had resigned when the lease contract was executed, measured by the extent of the lost wages.

The second and third propositions complain that the court erred in refusing the request for an instructed verdict. The instruction was requested on the theory that the petition of appellees did not allege a cause of action, wherefore appellant's general demurrer should have been sustained. What we have above said disposes of this proposition. The pleadings of appellees and the evidence were sufficient to support the judgment.

■■■ The fourth and fifth propositions challenge the correctness of the court's charge on the measure of damages. Special issue No. 9 reads: "What sum of money, do you find from a preponderance of the evidence, would fairly and reasonably compensate the plaintiff, Roy Abshire,· for the damages suffered by him. Answer by stating the amount, if any, in dollars and cents."

Special issue No. 11 was: "What sum of money, do you find from a preponderance of the evidence, would fairly and reasonably compensate the plaintiff, John De Lacie, Jr., for the damages suffered by him, if any. Answer by stating the amount, if any, in dollars and cents."

Relative to these issues, the court charged: "In connection with the foregoing Special Issue No. 11, and Special Issue No. 9, you are instructed that in assessing such damages, if any, you will take the difference between the aggregate amount of money, if any, that plaintiff had a reasonable expectation of earning during the term of the lease contract had plaintiff not relied upon said contract, if he did so rely, and given up his employment, if he did; and the aggregate amount of money, if any, plaintiff has a reasonable expectation during the period of said contract after having given up his employment, if he did."

Appellant excepted to this charge "because the court fails to instruct the jury as to the correct measure of damages, if any, to which the plaintiffs would be entitled under the pleading and facts in this case, and permits the plaintiffs to recover on damages which were speculative and remote and not within the contemplation of the parties at the time the contract was entered into." It will be observed that the objection to the charge is that it permits the plaintiffs to recover speculative and remote damages. We do not think the charge subject to this objection. The suit was not for damages growing out of a refusal to deliver possession of a building already in existence, but for damages for refusing to erect a building under a written contract of leasing and to deliver same· to plaintiffs for a determinate lease period. The damages claimed are not for contemplated profits from the business in which plaintiffs were going to engage, but for special damages suffered by reason of the loss of wages plaintiffs would have earned in employments they had at the time of the execution of the lease contract and which they resigned and gave up by reason of the contract so they could enter into their new business, which was known to appellant. The proposition is based upon, and is in the words of appellant's nineteenth assignment of error, which was a repetition of appellant's thirteenth exception to the court's charge. The' statement "because the court fails to instruct the jury as to the correct measure of damages, if any, to which plaintiffs will be entitled under the pleading and facts," is too general, does not point.out any error, nor does it suggest any measure proper to be given. Moreover, we think the charge gives the proper measure under the pleadings and the facts. As a general rule, the measure of damages in the case of a breach of a contract is the amount which will compensate the injured person for the loss which the fulfillment of the contract would have prevented, or the breach of it has entailed. The execution of the lease contract caused appellees to give up their present employment, and appellant's failure to carry out his contract caused them to lose the wages they would have earned but for said contract. The assignments are overruled.

What we have said disposes of the seventh proposition.

■■ The sixth proposition insists that the court committed reversible error in failing to define in its charge the term "general damages," ·contending that "if there was an issue to present to the jury under the pleading and evidence, then the issue of 'general damages' was the issue." This assignment is overruled. Appellees did not seek to recover general damages for the breach of a civil contract, but pleaded facts showing special damages for the breach of such· contract, and prayed for the recovery of such special damages. The issue of general damages was not raised either by the pleading or the evidence, and so could not have been submitted to the jury, and, therefore, need not be defined in the court's charge. Furthermore, the definition of "damages" given in the court's charge was taken bodily from appellant's objection to the charge. To have defined general damages would not only have been improper, but calculated to have misled and confused the jury.

■■■ The eighth proposition asserts that:
"(a) It was error for the court to submit special issues to the jury assuming certain facts constituting appellees' cause of action."
"(b) It was error for the court to submit an issue to the jury which was not made by the pleading."

The first contention (a) here presented, points to no error. It states no fact assumed by the court. However, an inspection of the charge of the court fails to disclose any issue submitted that assumes any fact to be determined, or upon which any finding should be made. The second (b) insistence is but the statement of an abstract principle of law. No issue is pointed out that was submitted without basis in the pleading. No such issue was submitted.

All assignments of error by appellant having been considered, and none of them showing reversible error, the judgment should be affirmed, and it is so ordered.

Affirmed.